IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE OF HAWAII,<br><br>                Plaintiff,<br><br>    vs.<br><br>NOE RAQUINIO,<br><br>                Defendant. | CIV. NO. 20-00461 LEK-RT<br><br>FINDINGS AND RECOMMENDATION TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS |

FINDINGS AND RECOMMENDATION TO DENY
APPLICATION TO PROCEED IN FORMA PAUPERIS

On October 26, 2020, pro se Plaintiff Noe Raquinio filed a "Notice of Removal 28 U.S. Code 1455 Procedure for Removal of Criminal Prosecutions" ("Notice of Removal"). ECF No. 1. The district court issued a Deficiency Order on October 28, 2020 instructing Plaintiff to either pay the statutory and administrative fees or submit an in forma pauperis application. ECF No. 3. On November 9, 2020, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). ECF No. 7. The Court shall make its recommendation on the Application without a hearing pursuant to LR7.1(d).

Plaintiff's Notice of Removal does not comply with the requirements of 28 U.S.C. § 1455 for two reasons. First, Plaintiff failed to provide sufficient grounds for removal. Under 28 U.S.C. § 1455:

> A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

Id. In this case, Plaintiff's Notice of Removal quotes 28 U.S.C. § 1455 in its entirety. Section 1455 provides a process for removing state criminal cases to federal court, but does not provide independent grounds for such removal. In the last sentence of the Notice of Removal, Plaintiff states:

> I hereby Noe Raquinio the defendant in this case support by the federal rules of civil procedure stated above 28 U.S. Code § 1455 and the transferring of this case to the United States Federal Court District of Hawaii for the reason mainly {prejudice}.

ECF No. 1 (emphasis in original). The parenthetical reference to "prejudice" is vague and falls short of stating any particular grounds for removal.

Second, Plaintiff did not file a copy of all process, pleadings, and orders that were served on Plaintiff. The record is void of documents needed to determine whether removal is appropriate, and Plaintiff has not indicated any reason why such documents have not been filed.

2

As to Plaintiff's Application, Plaintiff states that Plaintiff has no income, is disabled/unemployed since September 26, 2020, and incurs $550.00 in monthly rent expenses.  Plaintiff should be aware that any income or money received, whether it is disability or unemployment benefits and gifts from family or friends, should be reported in the Application.  Plaintiff must also include all monthly expenses in the Application such as electricity, water, and cellular phone monthly expenses.  Without this information, this Court is unable to determine whether the Application should be granted.

## CONCLUSION

This Court, having carefully considered the Application, Notice of Removal, record in this case, and applicable law, finds that the Application is incomplete and RECOMMENDS that the Application be DENIED without prejudice based on the lack of information.

In addition, this Court finds that Plaintiff's Notice of Removal fails to state sufficient grounds for the Court to exercise jurisdiction.  Plaintiff is directed to amend the Notice of Removal to (1) include "a short and plain statement of the grounds for removal" and (2) file all "process, pleadings, and orders" Plaintiff has been served in the underlying criminal case **by no later than February 26, 2021**. Because this Court RECOMMENDS that the Application be denied, Plaintiff must file another Application to Proceed in District Court Without Prepaying Fees or

Costs that includes accurate financial information by the same deadline as above unless otherwise ordered by the district court.

    IT IS SO FOUND AND RECOMMENDED.

    DATED: Honolulu, Hawaii, February 5, 2021.



           /s/ Rom A. Trader
           Rom A. Trader
           United States Magistrate Judge

---

Civ. No. 20-00461 LEK-RT; *State of Hawaii v. Noe Raquinio*; Findings and Recommendation to Deny Application to Proceed in Forma Pauperis