# MINUTE ORDER

CASE NUMBER:     CIVIL NO. 20-00461 LEK-RT

CASE NAME:     State of Hawaii vs. Noe Raquinio

JUDGE:   Leslie E. Kobayashi     DATE:     02/19/2021

COURT ACTION:  EO: COURT ORDER REGARDING DEFENDANT'S SECOND AMENDED NOTICE OF REMOVAL AND IN FORMA PAUPERIS APPLICATION

On October 26, 2020, pro se Defendant Noe Raquinio ("Defendant") filed the Notice of Removal, wherein Defendant attempted to remove Defendant's state court criminal case to this district court.  [Dkt. no. 1.]  On November 9, 2020, Defendant filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application").  [Dkt. no. 7.]  On February 5, 2021, the magistrate judge issued the Findings and Recommendation to Deny Application to Proceed in Forma Pauperis ("F&R"), identifying a number of deficiencies with both the Notice of Removal and the Application.  [Dkt. no. 13.]  On February 9, 2021, Defendant filed an Amended Notice of Removal Statement ("Amended Notice of Removal"), and a second Application to Proceed in District Court Without Prepaying Fees or Costs ("Second Application").  [Dkt. nos. 14, 15.]  On February 13, 2021, Defendant filed another Amended Notice of Removal Statement ("Second Amended Notice of Removal").  [Dkt. no. 16.]  Because this Court has independently reviewed the Second Amended Notice of Removal and the Second Application, it is not necessary to review the F&R.

## STANDARD

"Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  This Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (citation omitted).  "Removal and subject matter jurisdiction statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'"  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008)).  The grounds upon which a state court criminal defendant may remove his or her case are set forth in 28 U.S.C. §§ 1442-43.  When a state court criminal defendant files a notice of removal, the district court must "examine the notice promptly" upon its filing and, "[i]f it clearly appears on the face of the notice and any

exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

With respect to Defendant's reference to civil rights,

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1)     Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2)     For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

See § 1443.  As explained by the Ninth Circuit:

A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788–92, 794–804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824–28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966).  "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights."  California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970).   "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  Id.

Patel v. Del Taco, Inc., 446 F.3d 996, 998–99 (9th Cir. 2006).

## DISCUSSION

Defendant states that the removal is pursuant to "28:1441 Petition for Removal - civil rights Act . . . ."  [Second Amended Notice of Removal at PageID #: 44.]

28 U.S.C. § 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  Section 1441 is consequently inapplicable because there is no civil action pending Defendant in state court to remove. The only possibly relevant and removable case mentioned by Defendant in the Second

Amended Notice of Removal is the criminal case no. 3DCW-20-0002570, and the basis of removal is identified as relating to civil rights.  See Second Amended Notice of Removal at PageID #: 44; § 1443.  Because Defendant is proceeding pro se, the Second Amended Notice of Removal is liberally construed.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  Accordingly, the Second Amended Notice of Removal is construed as an invocation of § 1443.  The Second Amended Notice of Removal does not satisfy the two-part text contained in Patel, 446 F.3d at 998–99.  Therefore, Defendant has failed to establish a valid basis for removal.  Because a valid basis for removal has not been established, this Court lacks subject matter jurisdiction, and the case must be remanded.

According to Defendant, and supported by the documents attached to the Amended Notice of Removal and the Second Amended Notice of Removal, the criminal charges formerly pending against Defendant have been dismissed.  Second Amended Notice of Removal at PageID #:44 (stating that criminal case no. 3DCW-20-0002570 has been dismissed); see also Second Amended Notice of Removal at PageID #:47-48 (State of Hawaii v. Noe K. Raquino, Case No. 3DCW-20-002570, Judgment and Notice of Entry of Judgment (identifying the disposition of the charges as Nolle Prosequi and stating that Defendant's $250 cash bail was refunded)).  It is not necessary for this Court to determine whether there are any matters that are still pending in state criminal case no. 3DCW-20-0002570.  Even if there are open matters, this Court lacks subject matter jurisdiction over state criminal case no. 3DCW-20-0002570. Therefore, to the extent any matters remain open, the case is REMANDED to the District Court of the Third Circuit, State of Hawai`i, Kona Division.

Based on the foregoing reasons, the Clerk's Office is DIRECTED to effectuate the remand of this case immediately to the District Court of the Third Circuit, State of Hawai`i, Kona Division.  Defendant's Application, filed February 9, 2021, is DENIED as moot.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager